# EXHIBIT A



ELECTRONICALLY FILED
6/19/2008 4:32 PM
CV-2008-900028.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

## IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | |
|---|---|
| FREDDIE GACHETTE and ERMA THOMPSON,     ) | |
|     ) | |
|     ) | |
| **Plaintiffs,**     ) | |
|     ) | |
|     ) | |
| **vs.**     ) | **CV-08-_____** |
|     ) | |
| **LITTON LOAN SERVICING, LP, and**     ) | |
| **Fictitious Defendants A, and B, those**     ) | |
| **individuals, partnerships, corporations, limited**     ) | |
| **liability companies, or other legal entities who**     ) | |
| **are or have been settlement agents, mortgage**     ) | |
| **brokers, originators, holders or servicers of the**     ) | |
| **notes and mortgages executed by the Plaintiffs,**     ) | |
| **or who have otherwise attempted to collect**     ) | |
| **the fees, finance charges, and other penalties**     ) | |
| **from Plaintiffs, and have refused to return**     ) | |
| **to Plaintiffs monies due to them from their**     ) | |
| **insurance proceeds**     ) | |
|         **Defendant(s).**     ) | |

## COMPLAINT

1.  Plaintiffs Freddie Gachette and Erma Thompson ("Plaintiffs") are individuals over the age of 19 and residents of Bullock County, Alabama.

2.  Defendants Litton Loan Servicing, LP ("Litton"), is a corporation doing business in Bullock County, Alabama.

3.  Fictitious Defendants A, and B, are those individuals, partnerships, corporations, limited liability companies, or other legal entities who are or have been settlement agents, mortgage brokers, originators, holders or servicers of the notes and mortgages executed by the Plaintiffs or who have otherwise attempted to collect the fees, finance charges, and other penalties, or have refused to return to Plaintiffs monies due to them from their insurance proceeds as more fully discussed below.

4.     Named and Fictitious Defendants are hereafter known collectively as "Defendants".

## FACTS

5.     Plaintiffs executed a Note and Mortgage on Plaintiffs' property located in Bullock County, Alabama.

6.     The Note and Mortgage was serviced and/or held by Defendants.

7.     Defendants placed Plaintiffs with lenders that it knew or should have known engaged in questionable lending and collection practices as set forth in more detail below.

8.     Defendants settlement agent failed to disclose to Plaintiffs the fact that its lender would or was likely to engage in questionable lending and collection practices as set forth in more detail below.

9.     Defendants improperly charged Plaintiffs late fees when Plaintiffs sent mortgage payments to the prior loan servicer.

10.     Defendants continued to charge Plaintiffs late fees for these payments and other payments that were timely received.

11.     Defendants misapplied payments received from Plaintiffs and otherwise miscalculated the amount owed by Plaintiffs.

12.     Defendants improperly held payments received from Plaintiffs until said payments were past due.

13.     Defendants improperly returned payments made by Plaintiffs, causing Plaintiffs' payments to be past due.

14.    Defendants improperly charged Plaintiffs unidentified fees and penalties, and improperly charged Plaintiffs certain fees, finance charges, and penalties relating to foreclosure proceedings.

15.    Defendants wrongfully withheld and refused to remit payment of insurance proceeds due to Plaintiffs from storm damage.

16.    Defendants charged excessive fees relating to notices of default.

17.    Plaintiffs do not claim that any fees, finance charges, penalties, or other monies charged to Plaintiffs were excessive in and of themselves (i.e., a violation of usury laws); rather, they are excessive in that they are in excess of those amounts that were allowed to be charged by Defendants pursuant to their agreement(s) with the Plaintiffs.

18.    Defendants improperly reported the status and amount of Plaintiffs' loan to various credit reporting agencies.

19.    Defendants attempted to collect and did collect money from Plaintiffs which was not due and provided inconsistent payoff amounts to Plaintiffs, or otherwise refused to provide payoff amounts upon request.

20.    Defendants failed to disclose to Plaintiffs that Plaintiffs would be charged any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiffs' loan which they had a duty to disclose.

21.    Defendants concealed from Plaintiffs and Plaintiffs could not have reasonably been aware of Defendants' fraud when it occurred, but only discovered the fraud within the applicable time for filing their claims.

3

22.     Plaintiffs disclaim any cause of action arising under the Constitution, treaties, or other laws of the United States, including but not limited to any claim arising from an act or omission on a federal enclave or by any officer of the United States or any agent or person acting on behalf of such individual, or any claim deemed to be "completely preempted" by federal law. No claim under admiralty or maritime law is alleged. Plaintiffs specifically does not request relief under the Home Owner's Loan Act (12 U.S.C. § 1461 et seq.), the Truth-in-Lending Act (15 U.S.C. § 1601 et seq.), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) or the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.). To the extent this paragraph conflicts with any other allegations herein, this paragraph controls.

23.     As a result of Defendants' actions, Plaintiffs were injured and damaged to include, but not limited to, the following: they were charged excessive amounts that were not due, they were caused to lose substantial value and expend additional amounts of money repairing their home when Defendants did not return the insurance payments, they lost the use of their money, they suffered anger, frustration, mental anguish and emotional distress.

## COUNT ONE

### FRAUDULENT SUPPRESSION ARISING UNDER ALABAMA STATE LAW

24.     The allegations of paragraphs 1 through 23 are incorporated herein as though set forth again in full.

25.     Defendants failed to disclose to Plaintiffs that Plaintiffs would be charged improper or otherwise excessive fees, finance charges, and/or penalties in connection with Plaintiffs' note and mortgage.

26.     Defendants failed to disclose to Plaintiffs that they would withhold amounts due to Plaintiffs from insurance proceeds.

27.     Defendants had a duty to disclose that Plaintiffs would be charged these fees, finance charges and/or penalties, and its intent to withhold payment of insurance proceeds.

28.     As a result of Defendants' failure to disclose this information, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWO

**FRAUDULENT MISREPRESENTATION ARISING UNDER ALABAMA STATE LAW**

29.     The allegations of paragraph 1 through 28 are incorporated herein as though set forth again in full.

30.     Defendants intentionally, recklessly, wantonly, maliciously, and/or negligently misrepresented that it would timely pay Plaintiff the proceeds of an insurance claim payment.

31.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented the fees, finance charges, and penalties which were, were to be, or could be assessed and collected from Plaintiffs.

32.    Said representations were made with the intent that Plaintiffs rely upon them.

33.    Plaintiffs relied on said representations.

34.    Defendants benefited from Plaintiffs' reliance.

35.    As a result of said conduct, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT THREE

**FRAUDULENT MISREPRESENTATION ARISING UNDER ALABAMA STATE LAW**

36.    The allegations of paragraphs 1 through 35 are incorporated herein as though set forth again in full.

37.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently misrepresented that they would promptly apply payments received to Plaintiffs' account.

38.    Said representations were made with the intent that Plaintiffs rely upon them.

39.    Plaintiffs relied on said representations.

40.    Defendants benefited from Plaintiffs' reliance.

41.    As a result of said conduct, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

### COUNT FOUR

**FRAUDULENT SUPPRESSION ARISING UNDER ALABAMA STATE LAW**

42.    The allegations of paragraphs 1 through 41 are incorporated herein as though set forth again in full.

43.    Defendants intentionally, recklessly, wantonly, maliciously and/or negligently suppressed the correct amount due from Plaintiffs pursuant to the terms of Plaintiffs' note and mortgage.

44.    As a result of not being made aware of such suppressed material facts, Plaintiffs entered into the loan transaction with Defendants and/or delayed refinancing those contracts.

45.    Defendants benefited from Plaintiffs' reliance.

46.    As a result of said conduct, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and

punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT FIVE

### BREACH OF CONTRACT UNDER ALABAMA STATE LAW

47.    The allegations of paragraphs 1 through 46 are incorporated herein as though set forth again in full.

48.    A contract existed between Plaintiffs and Defendants.

49.    Defendants breached their agreement with Plaintiffs.

50.    As a result of said breach, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, attorney's fees, and such other and further relief as this Court may deem just and proper.

## COUNT SIX

### NEGLIGENCE UNDER ALABAMA STATE LAW

51    The allegations of paragraphs 1 through 50 are incorporated herein as though set forth again in full.

52.    Defendants were negligent in the handling of Plaintiffs' loan.

53.    As a result of said negligence, Plaintiffs was damage.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and

punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT SEVEN

### WANTONNESS UNDER ALABAMA STATE LAW

54.     The allegations of paragraphs 1 through 53 are incorporated herein as though set forth again in full.

55.     Defendants were wanton in the handling of Plaintiffs' loan.

56.     As a result of said wantonness, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT NINE

### CONVERSION UNDER ALABAMA STATE LAW

57.     The allegations of paragraphs 1 through 56 are incorporated herein as though set forth again in full.

58.     The Defendants has converted to their own use the monies as paid by or to Plaintiffs, said monies being the property of Plaintiffs.

59.     As a result of said conduct by Defendants, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and

9

punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TEN

### MONEY PAID BY MISTAKE UNDER ALABAMA SATE LAW

60.     The allegations of paragraphs 1 through 59 are incorporated herein as though set forth again in full.

61.     The Defendants owe Plaintiffs for money paid by Plaintiffs to the Defendants by mistake.

62.     As a result of said payments, Plaintiffs has been damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT ELEVEN

### DEFAMATION UNDER ALABAMA STATE LAW

63.     The allegations of paragraphs 1 through 62 are incorporated herein as though set forth again in full.

64.     Defendants intentionally, recklessly, wantonly, maliciously and/or negligently caused negative and untruthful information regarding Plaintiffs' credit or financial condition to be published to third parties.

65.     This information was false and defamatory.

66.    As a result, Plaintiffs was unable to refinance or was otherwise damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount exceeding the minimum jurisdictional threshold of this Court, for compensatory and punitive damages, court costs, and such other and further relief as this Court may deem just and proper.

## COUNT TWELVE

### CIVIL CONSPIRACY UNDER ALABAMA STATE LAW

67.    The allegations of paragraphs 1 through 66 are incorporated herein as though set forth again in full.

68.    Defendants conspired with each other to commit the wrongs alleged herein.

69.    As a result of said conduct by Defendants, Plaintiffs were damaged.

WHEREFORE, Plaintiffs demand judgment against Defendants for compensatory and punitive damages in an amount to be determined by the trier of fact, but not to exceed $74,999, exclusive of costs and interest.


*Nathan A Dickson, II*
NATHAN A. DICKSON II
Attorney for the Plaintiffs

OF COUNSEL:

JINKS, CROW & DICKSON , P.C.
P. O. Box 350
Union Springs, Alabama 36089
(334) 738-4225
(334) 738-4229 *fax*

11

**JURY DEMAND**

PLAINTIFFS DEMAND TRIAL BY STRUCK JURY.

*Nathan A Dickson, II*
OF COUNSEL

ELECTRONICALLY FILED
7/10/2008 11:22 AM
CV-2008-900028.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FREDDIE GACHETTE and ERMA THOMPSON, )
)
)
    Plaintiffs, )
)
v. )  CIVIL ACTION NO. 08-900028
)
LITTON LOAN SERVICING, LP, )
)
    Defendant. )

## NOTICE OF SERVICE OF DISCOVERY DOCUMENT

    Please take notice that the defendant in the above-styled cause has, on this date, served

the following discovery document upon all counsel of record by the United States mail:

    1.    Defendant's First Request for Admissions

Dated this 10th day of July, 2008.


          /s/ G. Lane Knight            
          One of the attorneys for Defendant Litton Loan Servicing, L.P.


**OF COUNSEL:**
Gregory C. Cook (COO038)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798
gcook@balch.com

G. Lane Knight (KNI028)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
lknight@balch.com

193563

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2008, I filed the foregoing electronically

with the Clerk of the Court who will send notice of same to all registered parties of record:

Nathan A. Dickson II
JINKS, CROW & DICKSON, P.C.
P. O. Box 350
Union Springs, Alabama 36089

/s/ G. Lane Knight
Of Counsel

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

| | | |
|---|---|---|
| FREDDIE GACHETTE and ERMA THOMPSON, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | CIVIL ACTION NO. 08-900028 |
| LITTON LOAN SERVICING, LP, | ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S FIRST REQUEST FOR ADMISSIONS

Pursuant to *Ala. R. Civ. P.* 36, Defendant Litton Loan Servicing, LP ("Litton") serves its First Request for Admissions to Plaintiffs as follows:

### I.     Instructions

(1)     You are hereby requested to serve your answers to the following requests within thirty (30) days from the date of service herein by delivering them to G. Lane Knight at the law offices of Balch & Bingham LLP, 105 Tallapoosa Street, Montgomery, Alabama, 36104.

(2)     You have a legal duty seasonably to amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer correct, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

(3)     Except where specifically limited to a different time period, all inquiries require responses through the date of final disposition of this litigation.

193563

## II.    Request for Admissions

1.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count One of the Complaint.

2.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Two of the Complaint.

3.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Three of the Complaint.

4.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Four of the Complaint.

5.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Five of the Complaint.

6.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Six of the Complaint.

7.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Seven of the Complaint.

8.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Eight of the Complaint.

9.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Nine of the Complaint.

10.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Ten of the Complaint.

11.    Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interests and costs, for the cause of action described in Count Eleven of the Complaint.

12.     Admit that Plaintiffs are seeking in excess of $75,000, exclusive of interest and

costs, for their alleged injuries and damages as described in the Complaint.


_____

One of the Attorneys for Defendant Litton Loan
Servicing, LP


**OF COUNSEL:**

Gregory C. Cook (COO038)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

G. Lane Knight (KNI028)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid, on this the 10th day of July, 2008:

Nathan A. Dickson II
JINKS, CROW & DICKSON, P.C.
P.O. Box 350
Union Springs, Alabama 36089

Of Counsel



ELECTRONICALLY FILED
7/31/2008 4:09 PM
CV-2008-900028.00
CIRCUIT COURT OF
BULLOCK COUNTY, ALABAMA
WILBERT JERNIGAN, CLERK

IN THE CIRCUIT COURT OF BULLOCK COUNTY, ALABAMA

FREDDIE GACHETTE and ERMA )
THOMPSON, )
)
      Plaintiffs, )
)
v. )  CIVIL ACTION NO. 08-900028
)
LITTON LOAN SERVICING, LP, )
)
      Defendant. )

## LITTON LOAN SERVICING, LP'S ANSWER AND DEFENSES TO COMPLAINT

Defendant Litton Loan Servicing, LP responds as follows to the numbered paragraphs of Plaintiffs' complaint:

1.     Litton is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph one and, therefore, denies those allegations.

2.     Admitted.

3.     No response is required of Litton.

4.     No response is required of Litton.

### FACTS

5.     Admitted.

6.     Litton denies that it holds the Note and Mortgage of Plaintiffs. Litton admits that it is the servicer of the loan agreement entered into between Plaintiffs and the lender.

7.     Litton denies the allegations of paragraph seven as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

193798

8.      Litton denies the allegations of paragraph eight as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

9.      Litton denies the allegations of paragraph nine as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

10.     Litton denies the allegations of paragraph ten as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

11.     Litton denies the allegations of paragraph eleven as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

12.     Litton denies the allegations of paragraph twelve as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

13.     Litton denies the allegations of paragraph thirteen as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

14.     Litton denies the allegations of paragraph fourteen as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

15.    Litton denies the allegations of paragraph fifteen as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

16.    Litton denies the allegations of paragraph sixteen as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

17.    Litton admits that Plaintiffs do not claim that any fees, finance charges, penalties, or other monies charged to Plaintiffs were excessive in and of themselves (i.e., a violation of usury laws). Litton denies the remaining allegations of paragraph seventeen as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

18.    Litton denies the allegations of paragraph eighteen as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

19.    Litton denies the allegations of paragraph nineteen as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

20.    Litton denies the allegations of paragraph twenty as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

21.    Litton denies the allegations of paragraph twenty-one as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

22.     No response is required of Litton.

23.     Litton denies the allegations of paragraph twenty-three as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

**COUNT ONE**

**FRAUDULENT SUPPRESSION ARISING UNDER ALABAMA STATE LAW**

24.     Litton incorporates by reference its responses to paragraphs 1-23 of the Complaint.

25.     Litton denies the allegations of paragraph twenty-five as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

26.     Litton denies the allegations of paragraph twenty-six as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

27.     Litton denies the allegations of paragraph twenty-seven as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

28.     Litton denies the allegations of paragraph twenty-eight as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

## COUNT TWO

**FRAUDULENT MISREPRESENTATION ARISING UNDER ALABAMA STATE LAW**

29.    Litton incorporates by reference its responses to paragraphs 1-28 of the Complaint.

30.    Litton denies the allegations of paragraph thirty as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

31.    Litton denies the allegations of paragraph thirty-one as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

32.    Litton denies the allegations of paragraph thirty-two as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

33.    Litton denies the allegations of paragraph thirty-three as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

34.    Litton denies the allegations of paragraph thirty-four as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

35.    Litton denies the allegations of paragraph thirty-five as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

**COUNT THREE**

**FRAUDULENT MISREPRESENTATION ARISING UNDER ALABAMA STATE LAW**

36.     Litton incorporates by reference its responses to paragraphs 1-35 of the Complaint.

37.     Litton denies the allegations of paragraph thirty-seven as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

38.     Litton denies the allegations of paragraph thirty-eight as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

39.     Litton denies the allegations of paragraph thirty-nine as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

40.     Litton denies the allegations of paragraph forty as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

41.     Litton denies the allegations of paragraph forty-one as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

## COUNT FOUR

### FRAUDULENT SUPPRESSION ARISING UNDER ALABAMA STATE LAW

42.    Litton incorporates by reference its responses to paragraphs 1-41 of the Complaint.

43.    Litton denies the allegations of paragraph forty-three as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

44.    Litton denies the allegations of paragraph forty-four as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

45.    Litton denies the allegations of paragraph forty-five as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

46.    Litton denies the allegations of paragraph forty-six as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

### COUNT FIVE

### BREACH OF CONTRACT UNDER ALABAMA STATE LAW

47.    Litton incorporates by reference its responses to paragraphs 1-46 of the Complaint.

48.     Litton admits that it is the servicer of the loan agreement entered into between Plaintiffs and the lender. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

49.     Litton denies the allegations of paragraph forty-nine as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

50.     Litton denies the allegations of paragraph fifty as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

## COUNT SIX

### NEGLIGENCE UNDER ALABAMA STATE LAW

51.     Litton incorporates by reference its responses to paragraphs 1-50 of the Complaint.

52.     Litton denies the allegations of paragraph fifty-two as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

53.     Litton denies the allegations of paragraph fifty-three as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

## COUNT SEVEN

### WANTONNESS UNDER ALABAMA STATE LAW

54.    Litton incorporates by reference its responses to paragraphs 1-53 of the Complaint.

55.    Litton denies the allegations of paragraph fifty-five as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

56.    Litton denies the allegations of paragraph fifty-six as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

## COUNT NINE

### CONVERSION UNDER ALABAMA STATE LAW

57.    Litton incorporates by reference its responses to paragraphs 1-56 of the Complaint.

58.    Litton denies the allegations of paragraph fifty-eight as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

59.    Litton denies the allegations of paragraph fifty-nine as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

## COUNT TEN

### MONEY PAID BY MISTAKE UNDER ALABAMA STATE LAW

60.     Litton incorporates by reference its responses to paragraphs 1-59 of the Complaint.

61.     Litton denies the allegations of paragraph sixty-one as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

62.     Litton denies the allegations of paragraph sixty-two as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

## COUNT ELEVEN

### DEFAMATION UNDER ALABAMA STATE LAW

63.     Litton incorporates by reference its responses to paragraphs 1-62 of the Complaint.

64.     Litton denies the allegations of paragraph sixty-four as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

65.     Litton denies the allegations of paragraph sixty-five as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

66.     Litton denies the allegations of paragraph sixty-six as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

## COUNT TWELVE

### CIVIL CONSPIRACY UNDER ALABAMA STATE LAW

67.     Litton incorporates by reference its responses to paragraphs 1-66 of the Complaint.

68.     Litton denies the allegations of paragraph sixty-eight as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

69.     Litton denies the allegations of paragraph sixty-nine as to Litton. Litton lacks sufficient information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies those allegations.

Litton denies that Plaintiffs are entitled to any relief from it in this matter, including the relief requested in the paragraph beginning "WHEREFORE."

**LITTON DENIES EACH AND EVERY ALLEGATION IN PLAINTIFFS' COMPLAINT THAT IS NOT EXPRESSLY ADMITTED HEREIN AND DENIES THAT PLAINTIFFS ARE ENTITLED TO THE RELIEF REQUESTED.**

## DEFENSES

1.     Litton specifically reserves its right to remove this case to the United States District Court for the Middle District of Alabama within 30 days of its receipt of an amended pleading, motion, order, or other paper upon which the amount in controversy can be ascertained. *See 2*8 U.S.C. § 1446(b).

2.     The Complaint fails to state a claim against Litton upon which relief can be granted.

3.     The Complaint fails to provide a definite enough statement to place Litton on notice of the nature of the claims against it.

4.     Some or all of the plaintiffs' state law claims are preempted by federal law including, but not limited to, the Fair Credit Reporting Act.

5.     Plaintiffs' claims against Litton are barred by the applicable statutes of limitations.

6.     Plaintiffs' claims are barred because they sustained no compensable damages as a result of any action or conduct by Litton alleged in the Complaint.

7.     The losses complained of, if any, were not caused by any act, omission, or conduct of Litton.

8.     Any purported damages allegedly suffered by the plaintiffs are the result of acts or omissions of third persons over whom Litton had neither control nor responsibility.

9.     Plaintiffs were contributorily negligent.

10.     Any alleged damages sustained by Plaintiffs were, at least in part, caused by the actions of Plaintiffs or resulted from Plaintiffs' own negligence, which equaled or exceeded any alleged negligence or wrongdoing by Litton.

193798                                    12

11.    Any recovery is barred, or must be reduced, by principles of laches, unclean hands, lack of standing, release, consent, acquiescence, ratification, waiver and/or estoppel.

12.    Any recovery is barred, or must be reduced, pursuant to the doctrine of *in pari delicto.*

13.    Any recovery is barred pursuant to the doctrine of accord and satisfaction.

14.    Plaintiffs have failed to plead fraud with the specificity required by *Alabama Rule of Civil Procedure* 9.

15.    Any recovery for breach of contract is barred by Plaintiffs' prior material breach of contract.

16.    Any recovery is barred, or must be reduced, as a proximate result of Plaintiffs' failure to mitigate any alleged damages.

17.    Any recovery is barred, or must be reduced, because of superseding or intervening acts or causes.

18.    Plaintiffs' claims are barred by the doctrines of res judicata or collateral or judicial estoppel.

19.    Any recovery against Litton is barred, or must be reduced, because of the actions or conduct of others.

20.    Any recovery of punitive or exemplary damages is barred, or must be reduced, under, among others, the provisions of the Fifth, Eighth and Fourteenth Amendment of the United States Constitution and Article I, Sections 6 and 15 of the Constitution of the State of Alabama. Litton further asserts that:

A.    Any award of punitive damages against Litton in this case would violate the constitutional safeguards afforded to Litton under the Constitution of the State of Alabama;

193798                                    13

B.    Any award of punitive damages against Litton in this case would violate the constitutional safeguards afforded to Litton under the Constitution of the United States;

C.    Any award of punitive damages against Litton in this case would violate the constitutional safeguards afforded to Litton under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that punitive damages are vague and not rationally related to any legitimate governmental interest, are excessive, and are not appropriate under the facts in this case, and cannot constitutionally be imposed;

D.    Any award of punitive damages against Litton in this case would violate Article 1, section 6, of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate governmental interests, are excessive and are not appropriate under the facts in this case, and cannot constitutionally be imposed;

E.    Any award of punitive damages against Litton in this case would violate the procedural safeguards provided to Litton under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature, and, consequently, Litton is entitled to the same procedural safeguards accorded to criminal defendants under the Constitution of the United States and under the Constitution of the state of Alabama;

F.    To impose against Litton punitive damages, which are penal in nature, and yet on the other hand to compel Litton to testify and disclose potentially incriminating documents into evidence, would violate the self-incrimination clause of the Fifth Amendment to the Constitution of the United States;

G.    To impose against Litton punitive damages, which are penal in nature, yet compel Litton to disclose potentially incriminating documents into evidence, would violate Article 1, Section 6, of the Constitution of the State of Alabama;

H.    To impose punitive damages against Litton, which are penal in nature, by placing a burden of proof on plaintiff which is less than "beyond a reasonable doubt" burden of proof required in criminal cases, would violate the rights guaranteed by the Constitution of the United States and the Constitution of the State of Alabama;

I.    To impose punitive damages in an excessive amount, under the circumstance of this case, and/or in excess of criminal fines which could be imposed for the same conduct, would be discriminatory, a deprivation of due process, and a violation of equal protection rights guaranteed by the Fourteenth Amendment to the Constitution of the United States and Article 1, Sections 1, 6, and 22 of the Constitution of the State of Alabama;

J.    The punitive damages claimed by plaintiffs violate the excess fine clause of the Eighth Amendment to the United States Constitution;

K.    Allowing a jury to impose private civil fines against Litton by using its own subjective judgment in setting the range of permissible punishments for each offense violates the

Separation of Powers doctrine embodied by Article I, Section 1, Article II, Section 1, and Article III, Section 1 of the Constitution of the United States and Sections 43 and 44 of the Constitution of the State of Alabama.

20.    Recovery of punitive or exemplary damages, if any, is limited by the restrictions and caps on punitive damage awards as provided for by Alabama law. Litton further asserts that under any circumstances punitive damages should not exceed those listed in *Alabama Code* § 6-11-21 (no more than three times compensatory damages or $500,000, whichever is greater). Further, no punitive damages are appropriate because the prerequisites of *Alabama Code* § 6-11-27 have not been met, and further, such punitive damages should not be awarded because the prerequisites of *Alabama Code* § 6-11-20 have not been met.

21.    Litton pleads recoupment and setoff.

22.    Litton pleads the defense of voluntary payment.

23.    Litton pleads the statute of frauds.

24.    Litton violated no duty owed to the plaintiffs.

25.    Plaintiffs' claims are barred because their alleged damages, if any, are speculative.

26.    Litton incorporates all defenses and affirmative defenses asserted by or available to other defendants in this action to the extent they would operate to bar or reduce any recovery against Litton.

27.    Plaintiffs' claims are barred because they have failed to comply with the notice provisions of their Mortgage. Specifically, Plaintiffs instituted this judicial action prior to, and without, notifying Litton of the alleged breach(es) of the Mortgage and/or prior to, and without, affording Litton a reasonable period of time to take corrective action thereon.

28.     Litton reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

WHEREFORE, premises considered, Defendant Litton Loan Servicing, L.P. respectfully requests this Honorable Court to enter an order denying the plaintiffs' claims for relief and all claims which could have been asserted, awarding Litton attorneys' fees, costs, and expert witness fees incurred in defending against the plaintiffs' claims, and granting such other and different relief as this Court deems just and necessary.

Respectfully submitted this 31st day of July, 2008.


/s/ G. Lane Knight
One of the Attorneys for Defendant Litton Loan
Servicing, LP

**OF COUNSEL:**

Gregory C. Cook (COO038)
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8798

G. Lane Knight (KNI028)
BALCH & BINGHAM LLP
Post Office Box 78
Montgomery, AL 36101-0078
Telephone: (334) 834-6500
Facsimile: (334) 269-3115

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the AlaFile system and service will be perfected upon any AlaFile participant(s) electronically and I have mailed by United States Postal Service a copy of the foregoing document to any non-AlaFile participant(s) this the 31st day of July, 2008:

Nathan A. Dickson II
JINKS, CROW & DICKSON, P.C.
P.O. Box 350
Union Springs, Alabama 36089

/s/ G. Lane Knight
Of Counsel

193798

17