IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDDIE GACHETTE AND ERMA THOMPSON, ) ) Plaintiffs, ) ) v. ) ) ) LITTON LOAN SERVICING, LP, ) ) Defendant. ) | CIVIL ACTION NO. 2:08cv680-WHA (WO) |

## MEMORANDUM OPINION

This cause is before the court on a Motion to Remand, filed by the Plaintiffs, Freddie Gachette and Erma Thompson.

The Plaintiffs originally filed a Complaint in this case in the Circuit Court of Bullock County, Alabama. The Plaintiffs brought claims for fraudulent suppression (Count One), fraudulent misrepresentation (Count Two), fraudulent misrepresentation (Count Three), fraudulent suppression (Count Four), breach of contract (Count Five), negligence (Count Six), wantonness (Count Seven), conversion (Count Nine),[1] money paid by mistake (Count Ten), defamation (Count Eleven), civil conspiracy (Count Twelve). At the end of the final count of the Complaint, the Plaintiffs stated that they demand judgment against the Defendants for compensatory and punitive damages in an amount to be determined by the trier of fact, but not to exceed $74,999, exclusive of interest and costs.

---

[1] There is no Count Eight in the Complaint.

The Defendant removed the case on the basis of diversity jurisdiction. The Defendants contended that the request for $74,999 in damages in the Complaint was limited to a single count of the Complaint, and that the amount in controversy exceeds that amount.

The Plaintiffs moved to remand the case to the state court in which it was filed, stating that the Notice of Removal was untimely filed, and the requisite amount is not in controversy.

To resolve the apparent ambiguity in the amount of damages sought by the Plaintiffs in their Complaint, the court gave the Plaintiffs time in which to file personal affidavits stating their intent at the time the Complaint was filed. Both Plaintiffs have now filed affidavits which state that at the time they filed their Complaint, they intended to limit their total claim for damages to not more than $74,999, and they and their heirs and assigns will not claim more than that amount.

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns*, 31 F.3d at 1095.

Because the Defendants have not met their burden of establishing that the amount in controversy in this case exceeds $75,000, diversity subject matter jurisdiction does not exist, and the case is due to be remanded. A separate Order will be entered in accordance with this Memorandum Opinion.

DONE this 7th day of November, 2008.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE